IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,051





MANUEL VELEZ, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL FROM CAUSE NO. 07-CR-721-G


IN THE 404TH JUDICIAL DISTRICT COURT


CAMERON COUNTY





 Per Curiam.


ORDER



 The above-styled and numbered cause is pending before this Court as a result of
appellant's capital murder conviction and resulting sentence of death in the 404th Judicial
District Court of Cameron County, Cause No. 07-CR-721-G, styled The State of Texas v.
Manuel Velez. Appellant has filed a motion requesting this Court to stay the briefing in
this case until the trial court submits written findings of fact and conclusions of law
concerning the voluntariness of appellant's statements. 

 After the appellate record was received by this Court, appellate counsel filed a
motion requesting that this Court abate the appeal and instruct the trial judge to enter
written findings of fact and conclusions of law concerning the voluntariness of
appellant's statements. Because the trial court was required to prepare such findings and
conclusions by Article 38.22 § 6, this Court declined to abate the case but ordered the trial
court to prepare and file the required findings and conclusions and have the clerk prepare,
certify, and file in this Court a supplemental clerk's record containing those findings and
conclusions. See Tex. R. App. P. 34.5(c)(2); Velez v. State, No. AP-76,051 (Tex. Crim.
App. Feb. 24, 2010)(not designated for publication). A supplemental record was not
timely filed with this Court.

 On March 18, 2010, appellate counsel filed in this Court a motion for a complete
record on appeal. In the motion, counsel noted that several parts of the record had
apparently not been transcribed and included in the record on appeal. In light of the
possible problems with the record, this Court issued an order on April 14, 2010, abating
the case and remanding it to the trial court with directions to determine if anything
relevant had been omitted from the clerk's or reporter's records, and if it had, to instruct
the trial court clerk or court reporter to prepare, certify, and file in this Court a
supplemental record containing the omitted items. Velez v. State, No. AP-76,051 (Tex.
Crim. App. Apr. 14, 2010)(not designated for publication). The Court reminded the trial
court in the order that the supplement should also contain the trial court's findings of fact
and conclusions of law regarding the voluntariness of appellant's statements, in
accordance with this Court's February 24th order. 

 Over the next several months, this Court received numerous supplements to the
record. Eventually, on December 17, 2010, the trial judge, who was not the judge who
presided over the initial suppression hearing, prepared findings and conclusions based on
the record, and a supplemental record was sent to this Court. Because the trial court had
fulfilled its duty under this Court's order and because the record had been received by this
Court, the trial court then lost its authority to take any further action in this case. See
Tex. R. App. P. 25.2(g). Pursuant to the provisions of the order, appellant's brief was
then due to be filed on or before January 26, 2011.

 However, after the supplemental record was filed with this Court, appellant filed in
the trial court an "Objection to Findings of Fact and Conclusions of Law and Motion to
Hold de novo Hearing Pursuant to CCP 38.22." Pursuant to this motion, on January 19,
2011, the trial court rescinded its previously entered and forwarded findings and
conclusions and granted appellant a de novo suppression hearing. However, because this
Court had received the record in the case, the trial court had lost the authority to act on
appellant's late-filed motion. Thus, the court had no authority to rescind its already filed
findings and conclusions, and it had no authority to grant a de novo hearing. 

 Accordingly, the Article 38.22, § 6, findings of fact and conclusions of law
received by this Court on December 27, 2010, are accepted and will be reviewed by this
Court as appropriate. Appellant's brief is due in this Court no later than 15 days after the
date of this order. No extensions of time will be entertained.

 IT IS SO ORDERED THIS THE 16TH DAY OF FEBRUARY, 2011.

Do not publish